NANCY A. JEFCOAT ET AL. *v.* NAT. N. GUNTER.

1. LANDLORD AND TENANT. *Wrongful eviction. Landlord's liability. Value of crop. Deduction for rent.*

    A tenant is not entitled to a recovery for a wrongful eviction by his landlord, in excess of the damages he has sustained thereby; and where his one year lease was of agricultural lands, on which he had an ungathered crop at the time of his eviction, a verdict for the value of the whole crop is excessive to the extent that his rent for the year remained unpaid.

2. SAME. *Compensation for gathering crop. Landlord's claim.*

    Where a tenant, under a lease for one year of agricultural lands, on which he had an ungathered crop, when wrongfully evicted by his landlord, is ready and willing to gather the crop at maturity, the landlord is not entitled to compensation for work done and expenses incurred in gathering the same against the tenant's protest.

FROM the circuit court of Jones county.

HON. A. G. MAYERS, Judge.

Trespass by Gunter against Jefcoat and wife, for wrongful eviction from certain lands of Mrs. Jefcoat, during his one year term, and defendants' conversion to their own use of his ungathered crop thereon. Defendants denied both the tenancy and eviction of the plaintiff, who claimed to have been accepted as a tenant by both Mrs. Jefcoat, and her husband as her agent, in the place of one Robinson, who, early in the year (1894), abandoned his lease of the premises, and was hired by plaintiff to work for him for wages that were paid in supplies. The defendants claim that Robinson never ceased to be their tenant, and that he sold them the crop in question. Under this sale they entered upon the premises and gathered the crop and appropriated the same to their own use. The plaintiff did not live on the land, and, when he went to gather the crop, found

defendants gathering it. He ordered them to leave the place, but they refused to do so, had him arrested and prosecuted for trespass, and so prevented him from gathering it. The evidence showed the amount of the rent and value of the crop. The first instruction for the plaintiff was as follows: "If the jury believe, from the evidence, that Gunter was the tenant of Nancy Jefcoat, under the lease made to Robinson, and, with the consent of her agent, J. R. Jefcoat, assigned to plaintiff, Gunter, and that afterwards, and before the expiration of the lease, the defendants evicted plaintiff from the leased premises, then the said Gunter was discharged from the payment of any rent whatever; and, if they so believe, they will find for the plaintiff the full value of the crop seized and taken possession of by said defendants." The verdict was for the full value of the crop, with no deduction on account of rent. From the judgment entered thereon, defendants appeal.

*Watkins & Travis,* for the appellants.

The first instruction for the plaintiff is fatally erroneous in several respects. 1. It assumes that there was or may have been an eviction, when, under the evidence, there was none. 2. It assumes that both of the defendants participated in the eviction, while the prosecution for trespass was all that tended to show an eviction, and that was the act of Mrs. Jefcoat's husband, for which she was not in the least responsible. 3. It informs the jury that if there was an eviction, the plaintiff was relieved of paying rent. It has been held that a landlord cannot maintain an action for rent against his evicted tenant, but, *non constat,* that the tenant can recover full damages for the eviction, and at the same time withhold the rent. It should have directed a deduction of the rent due and the cost of gathering the crop from the value of the same. Tiedeman on Real Estate, §§ 194, 195, 196; 7 Am. & Eng. Enc. L., pp. 38, 39, 41. Eviction or no eviction, Mrs. Jefcoat was certainly entitled to the amount expended in harvesting and marketing the

crop. *Harris* v. *Frank & Reinach*, 52 Miss., 155; *Winston* v. *President*, etc., 28 *Ib.*, 118; Heidelberg's Dig., p. 462, § 102; George's Dig., p. 467, § 5.

*Shannon & Hardy*, for the appellee.

1. Jefcoat was the agent of his wife, and she is equally liable for his tortious acts. 17 Am. & Eng. Enc. L., p. 604; Chitty's Pleading, p. 96; Bishop on Noncontracts, § 623; 14 Am. & Eng. Enc. L., pp. 815, 816; 7 *Ib.*, p. 41.

2. There can be no doubt, on the evidence, that the appellee was the tenant of Mrs. Jefcoat; that he was wrongfully evicted, and that the appellants, under color of a collusive sale by Robinson, gathered and appropriated his crop to their own use. The amount of the recovery was fully justified by the facts.

COOPER, C. J., delivered the opinion of the court.

As, by the verdict and judgment, the appellee is permitted to recover the full value of his crops, there should have been deducted therefrom the rent due by him to the appellant. It is true that an eviction of the tenant by the landlord discharges the tenant from liability to pay rent not then due. But though the landlord here may not have been entitled to maintain an action for the rent of the premises, it does not follow that the tenant, suing for the damages caused by the eviction, may recover beyond the injury he has suffered. The demand made by the tenant is not for the value of his term nor of the crops as they were when he was evicted. He demands, and has been allowed, the value of the matured and gathered crop—one which stood on the soil and drew sustenance therefrom after the time he was excluded from the premises. In substance, he gets the whole term, for he recovers the value of the whole crop grown on the land, and, having the benefit of the whole term, it is but just that the sum agreed to be paid as rent should be deducted, to determine what damages the plaintiff sustained.

We find no other error than that of giving the first instruc-

tion for the plaintiff. If the plaintiff was prepared and willing to gather his own crop, and was prevented from doing so by the defendant, who, against the protest of the plaintiff, expended time, labor or money about the work, no charge therefor could be made against the plaintiff. It was of his own wilful wrong, as settled by the verdict of the jury, that Jefcoat, the agent of his wife, excluded the plaintiff from the premises and gathered the crops, and, for so doing, he is not entitled to be recompensed.

For the error of giving the first instruction for the plaintiff, the judgment must be reversed. But, since the amount of the rent to be paid clearly appears in the evidence, to wit, 500 pounds of lint cotton, shown to have been of the value of six cents per pound, $30, and $42.50 for the rent of seventeen acres of land, making the aggregate sum of $72.50, the plaintiff may, upon remitting that sum, have judgment here.

*Reversed and judgment here.*