MOORE v. ST. LOUIS, S. F. & T. RY. CO.

(Court of Civil Appeals of Texas. Dallas. April 20, 1912. Rehearing Denied May 4, 1912.)

1. EVIDENCE (§ 474*)—OPINION EVIDENCE—COMPETENCY OF WITNESSES.

A person who has raised, bought, and sold horses in a county for a number of years, and who knows the market value of horses, is competent to testify to the market value of a horse, though he has not sold or known of any one selling a horse of the age, size, and description of the one in controversy.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

2. EVIDENCE (§ 594*)—WEIGHT—UNCONTROVERTED EVIDENCE.

Where all the witnesses testifying to the value of a horse placed its market value at a specified sum, and there was no evidence of any less value, the jury could not find a less sum.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

Error from Dallas County Court; W. F. Whitehurst, Judge.

Action by W. P. Moore against the St. Louis, San Francisco & Texas Railway Company. There was a judgment granting insufficient relief, and plaintiff brings error. Reformed and rendered.

Chas. F. Clint and D. B. Eades, both of Dallas, for appellant. Andrews, Ball & Streetman, of Houston, and Brooks & Worsham, of Dallas, for appellee.

RAINEY, C. J. Suit by plaintiff in error against defendant in error for negligently killing a horse. Plaintiff recovered a judgment for $87.50, from which he appeals.

[1] All the witnesses who testified as to the value of the horse placed his market value at $125, and the recovery should have been for that amount. The witnesses testified that they had not sold or knew of any one selling a horse of the age, size, and description of the one in controversy; but several of them stated that they had been raising, buying, and selling horses in Dallas county for a number of years, and knew the market value of horses, and that the horse was worth $125. The witnesses qualified themselves to testify as to the market value of horses; and that they, in effect, testified that they had not sold or knew of any horse of this *exact* description being sold does not disqualify them to testify as to the market value.

[2] There was no evidence tending to show that the value of the horse was less than $125, and the jury were not warranted in finding a less sum.

The judgment will be reformed and here rendered for plaintiff in error for the sum of $125.