## BROOKS v. DAVIS et al.

(Court of Civil Appeals of Texas. Dallas, June 8, 1912. Rehearing Denied June 22, 1912.)

1. LANDLORD AND TENANT (§ 331*)—RENTING ON SHARES — BREACH OF CONTRACT — DAMAGES.

Where a tenant on shares is not permitted to make a crop, he is, as a general rule, entitled to recover the reasonable cash market value of his share of the crop that he could and would have reasonably raised, less any sum which he may have earned in any other manner by his labor during the period of the contract, or by the use of reasonable diligence might have earned, but, where there is evidence that it would have been necessary for him to have expended money or hired help in making the crop, the expenses of producing his share of the crop must be deducted from the amount of the damages.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1360–1362, 1379–1387; Dec. Dig. § 331.*]

2. EVIDENCE (§ 594*) — WEIGHT — CONCLUSIVENESS.

Where the testimony as a whole is undisputed, the jury may not disregard it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2431; Dec. Dig. § 594.*]

3. LANDLORD AND TENANT (§ 331*)—RENTING ON SHARES—BREACH OF CONTRACT—PART PERFORMANCE.

Where a contract for the renting of land on shares provided that the landlord, in consideration of a tenant and his family assisting the landlord in gathering crops, rented to the tenant a tract with dwelling house for a specified period on shares, and the tenant assisted in gathering the landlord's crop, and in part performed the consideration, and the landlord received the benefit of the part performance, the landlord could not defeat a recovery by the tenant for failure to permit the tenant to make a crop, though the tenant's agreement to assist was a condition precedent, but the landlord must rely on his claim for damages for defective performance.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1360–1362, 1379–1387; Dec. Dig. § 331.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by Mary L. Davis and others

against S. J. Brooks. From a judgment for plaintiffs, defendant appeals. Affirmed.

B. F. Vaughan and Looney, Clark & Leddy, all of Greenville, for appellant. Evans & Carpenter, of Greenville, for appellees.

RASBURY, J. Appellees, the surviving widow and children of E. M. Davis, deceased, sued appellant in the district court of Hunt county, and alleged that in the month of August, 1909, said E. M. Davis and appellant consummated an agreement whereby appellant rented to Davis, to be cultivated on "halves," for the year 1910, 60 acres of land. with residence and other outhouses thereon, appellant to furnish, in addition to the land, a team and food therefor, tools, and necessary seed with which to plant the crop. Davis on his part was to plow, plant, cultivate, and gather the crop, furnishing all labor necessary therefor. When the crop was gathered, it was to go one-half to appellant and one-half to Davis. It was also alleged that appellant refused to comply with his agreement, and refused to permit Davis to occupy and cultivate the land; that, had he been permitted to do so, he could and would have raised crops, the reasonable value of one-half of which would have amounted to $800, for which amount appellees sued. Appellant's pleading consisted of a general demurrer and general denial. The case was submitted to a jury, and appellees were awarded $418.75 damages. The case is here on error claimed to have been committed by the court by omissions in its charge and the refusal of certain requested charges.

[1] The court charged the jury: "If you find for the plaintiffs the measure of damages will be the reasonable cash market value of one-half of their share of the corn and cotton which the plaintiffs and their deceased father could and would have reasonably raised, grown, and gathered on said land during the year 1910, had they remained on said premises, less such sum or sums of money which the said Davis and the plaintiffs herein did earn by their labors during the year 1910, or by the use of reasonable diligence they might have earned by engaging in a similar or different business after the breach, if any, of said contract during said year 1910."

By his first assignment of error appellant urges that the charge incorrectly defines the measure of damages, because it directs the jury to find for appellees the reasonable cash market value of one-half of the crop which Davis could and would have reasonably raised on the land, whereas by law appellees would only be entitled to recover the reasonable cash market value of said crop, less the reasonable expenses necessary to plant, cultivate, and harvest such crop. The last expression from the Supreme Court on the right of recovery and the measure of damages in similar cases is found in Crews

v. Cortez, 102 Tex. 111, 113 S. W. 523, which opinion reviews nearly all important cases on the subject, and discusses apparent conflicts in some of them. In that case it is said: "The owner of the land, expects the share (of the crop) reserved to himself as a return for the cultivation of his land and his other outlay. The benefits expected by the other party are employment and the stipulated return for his labor, and sometimes a home for the time." Also: "It is true that the plaintiff is not necessarily entitled to recover as fully as if the contract had been performed, it often being necessary to make proper deductions in order to ascertain the true amount of his damages; but it is still true that the probable results of the contract, if executed, 'its value,' are to be the basis of the inquiry. What deductions should be made * * * depend upon the facts of the particular cases."· From a careful reading of the foregoing case and others cited by appellant, we conclude the general rule in cases where the cropper is not permitted to make the crop is that the injured party is entitled to recover the reasonable cash market value of one-half of the crops that such party could and would have reasonably raised, grown, and gathered on the land during the crop year, less any sum which the cropper may have earned in any other manner by his labor during said period or by the use of reasonable diligence might have earned. If the facts of the particular case raise issues that warrant the variation of the general rule, such issues should be submitted to the jury by appropriate instructions. In the instant case, if there had been any testimony showing or tending to show that it would have been necessary for Davis to have expended any sum of money or hired any help in making his crop, it would have clearly been the duty of the trial judge to have given the instruction requested by appellant. But since there was no evidence showing, or tending to show, that Davis would have been compelled to employ help other than his family, or that he would have been compelled to expend any sums of money in planting, cultivating, and gathering his crop, the appellant was not entitled to the special charge submitting that issue. Nor do we agree, as is earnestly urged by counsel for appellees, that the charge should have been given for the reason that the jury had the right to disregard the undisputed affirmative testimony of the witnesses that Davis and his family could have planted, cultivated, and gathered the crop without assistance.

[2] We understand the rule to be that, where the testimony as a whole is undisputed, the jury is not warranted in disregarding same. Moore v. St. L., S. F. & T. Ry. Co., 146 S. W. 1070, decided by this Court April 20, 1912.

[3] Appellant's third assignment of error

complains of the refusal of the court to give his special requested charge, as follows: "If you believe from the evidence that the defendant, S. J. Brooks, agreed to rent E. M. Davis 60 acres of land on condition that said Davis and family would assist said Brooks in gathering the crop of cotton then growing on his land, and if you further believe from the evidence that said Davis and family failed and refused to comply with said condition, but refused after October 31st to longer assist defendant in gathering said cotton, and if you further believe that the failure of plaintiffs to comply with said condition was not on account of any fault on defendant's part, then you will return a verdict for the defendant." It is urged that this charge should have been given for the reason that appellees alleged in their petition that appellant's agreement to rent them the land was upon condition that appellees would assist appellant in gathering the cotton then growing on his place, and that the issue thus raised should have been submitted to the jury under appropriate instructions. The allegations of the petition in connection with the contract to rent the land are as follows: "Plaintiffs show that on said ―――― day of August, 1909, the said Brooks, in consideration of said Davis and his family assisting him in gathering his crops of cotton in the fall of 1909, contracted and agreed and rented to the said Davis 60 acres of land with a dwelling house thereon from the 1st day of January, 1910, until the 31st day of December, 1910, on the rental terms above set forth; that the said E. M. Davis and plaintiffs moved upon said premises of the said S. J. Brooks in the month of August, 1909, and, in pursuance of their agreement, assisted in picking cotton for the said Brooks during the said fall until his said crop was gathered."

Appellant urges that the proper construction of the foregoing allegation is that appellees agreed that they would assist appellant in gathering his entire crop as a condition precedent to appellees' right to demand the use and occupancy of the farm for 1910, and that, since the evidence on that point was conflicting, the charge should have been given. Appellees contend that the most meant by the allegation was that appellees would "assist" in gathering the crops, which the evidence shows they did, and dispute the claim that even that much can be claimed for the allegation, and urge that as pleaded it was but matter of inducement. If the allegations do state a precedent condition, and if by such allegation it was necessary for appellees to prove that they had assisted appellant in gathering his entire crop, we are nevertheless of opinion that there was no error in refusing the charge as presented. There is no conflict in the evidence which shows that appellees performed a substantial part of the labor to be done under the preced-

ent condition, in that they worked steadily from August to November for appellant, and gathered for him 12 bales of cotton. As to whether appellees worked thereafter is in sharp conflict, appellees' witnesses testifying affirmatively that they worked until approximately January 1, 1910, and those of appellant that they ceased work about November 1, 1909. But it will be seen, as we have stated, that the agreement to assist in gathering the crop had been in part performed. Appellant received the benefit of the part performance of the agreement and the rule in such cases is stated to be as follows: "But after the one party has performed the contract in a substantial part, and the other party has accepted and had the benefit of the part performance, the latter may thereby be precluded from relying upon the performance of the residue as a condition precedent to his liability. In such case he must perform the contract on his part, and must rely upon his claim for damages in respect of the defective performance." 1 Beach, Modern Law Contracts, § 107, p. 134; Carroll v. Welch, 26 Tex. 147; Raycraft v. Johnston, 41 Tex. Civ. App. 468, 93 S. W. 238; Anderson Electric Co. v. Cleburne Water, Ice & Light Co., 44 S. W. 932.

Appellant having plead no injury or damage as the result of the failure of appellees to perform the precedent condition in full and having accepted the benefit of its partial performance, it will be presumed that none resulted, and hence we are of opinion that the charge was properly refused.

Finding no reversible error in the record, the judgment of the lower court is affirmed.