**WALTERS v. BATES.**
No. 3993.

Court of Civil Appeals of Texas. Amarillo.
Oct. 18, 1933.

Rehearing Denied Dec. 13, 1933.

E. A. Bills, of Littlefield, for appellant.

Herbert C. Martin, of Littlefield, and Bledsoe, Crenshaw & Dupree, of Lubbock, for appellee.

MARTIN, Justice.

Appellant filed a trespass to try title suit against appellee, Emma Bates, and others in the district court of Lamb county. Emma Bates answered by a plea of not guilty and filed a cross-action against appellant, alleging, in substance, the existence of a rental contract with appellant to the land sued for by him and a breach of same. All questions on this appeal arose out of the trial of the cross-action filed by appellee, Emma Bates.

Appellee, Emma Bates, alleged actual damages by reason of the breach of her rental contract in the aggregate sum of $910, and asked also for $2,000 exemplary damages. The jury, in answer to special issues, found for her in the sum of $430 actual and $250 exemplary damages, and judgment was entered for a total of $680 against appellant.

■ The only legal point presented which we deem necessary to discuss is the alleged error of the court in refusing to instruct a verdict for appellant. One of the contentions made under this assignment is, in effect, that, since the evidence discloses that appellee, Emma Bates, would have been forced to hire labor to plant, cultivate, and harvest any crop grown on the land in question, and since there was no evidence introduced by her as to such expense items, there was no basis for a calculation of her alleged damages, and therefore nothing to submit to the jury.

Appellee was entitled to the pecuniary benefit which would have accrued to her if she had been allowed to fully perform her contract. Crews v. Cortez, 102 Tex. 111, 113 S. W. 523, 38 L. R. A. (N. S.) 713. To determine the value of her contract or its pecuniary benefit to her, the court submitted the following special issues:

"Special issue No. 2. If the said Emma Bates had farmed the premises in question, how much crops do you find from a preponderance of the evidence that she would have produced and harvested, if any, on said premises during the crop year of 1931? (Answer in dollars and cents.)"

"Special issue No. 3. What do you find from a preponderance of the evidence in this case would have been the expenses of the said Emma Bates in seeding, planting, cultivating and harvesting such crops as would have been produced during the crop year of 1931? (Answer in dollars and cents.)"

The appellee testified to a rather unusual situation with reference to the manner in which her contract was to be performed. Appellee was a widow, and one of her sons was to work most of the premises in question. It is inferable from her testimony that he was to be paid by her for his labor with a share of the crop raised—just what per cent. she did not disclose. It seems plain that in arriving at the pecuniary benefit that might accrue to her under the contract, if performed, the value of the portion of the crop which her son would receive for his services must, of necessity, be deducted from the value of her share of the crop under her contract. There is no evidence in the record whatever from which such calculation may be made. Indeed there is no evidence of any kind, as we view the record, from which it may be definitely determined what actual damages she suffered from the alleged breach of the contract. She, in fact, declined to name any figure for expenses necessary to seed, plant, cultivate, and harvest the crop in question. If we assume that other witnesses gave testimony as to some of these items, we find an entire dearth of evidence on the important question of what interest in the crop she would be out to the laborers who were to plant, cultivate, and harvest the same and the value of same as pointed out above. Since the work was to be done by others, at least in most part, it became especially necessary to prove the cost to her of raising and harvesting the crop in question. Otherwise there existed no basis for calculating the net value of her interest in same. It seems to be conceded that the trial court correctly submitted the proper measure of damages. See Waggoner v. Moore, 45 Tex. Civ. App. 308, 101 S. W. 1058 and authorities there cited. Special issue No. 3 above correctly required a finding on the expense items therein mentioned. Obviously there must be evidence to justify the submission of an issue to the jury. If we correctly understand this record, evidence of the character pointed out above is lacking in this case, and without it the court erred in submitting appellee's cross-action to the jury.

■ It is no longer necessary, as contended by appellee, that errors must be assigned in the motion for a new trial or in the trial court. Assignments of error having a proper basis in the record may appear for the first time in the brief of appellant. Article 1844, R. S., as amended by Acts 42d Leg. (1931) c. 75, § 1 (Vernon's Ann. Civ. St. art. 1844).

Other questions are of such a nature as may not again occur, since the record may be entirely different on another trial, and are therefore not discussed.

For the error pointed out, the judgment is reversed, and the cause remanded.