**BUSBY et ux. v. GUARANTY TITLE & TRUST CO.**

No. 3332.

Court of Civil Appeals of Texas. El Paso.

March 5, 1936.

Rehearing Denied April 2, 1936.

184

W. B. Lewis, of Harlingen, and Ward & Brown, of Corpus Christi, for appellants.

Kleberg & Eckhardt, of Corpus Christi, and L. Hamilton Lowe, of Austin, for appellee.

WALTHALL, Justice.

J. J. Busby and wife, Lelia Busby, on the 18th day of January, 1932, brought this suit against the Guaranty Title & Trust Company to cancel a trustee's deed to the latter subsequent to sale in December, 1931, under a deed of trust given by plaintiffs' predecessor in title to secure the payment of certain notes aggregating $10,000. Plaintiffs allege that the sale of the land under the deed of trust was made despite an agreement to extend the indebtedness due October 1, 1931, for one year upon the execution of a deed to the mineral interest in the land and an assignment of certain crop rents, alleged to have been made as agreed.

Plaintiffs also pleaded an equitable estoppel under the facts alleged; the conduct of the defendant in making such agreement having caused plaintiffs to relax their efforts to procure the money to pay the 1931 installment.

Plaintiffs offered to do equity, asked that the rents on the land be accounted for by defendant, and alternatively sought damages.

Defendant answered by general denial, set up its debt, foreclosure of its deed of trust, whereby it claimed fee-simple title to the land. Alternatively, by cross-action, it sought foreclosure of its deed of trust lien and for recoupment of certain payments claimed to have been made by it to San Antonio Joint Stock Land Bank and certain taxes paid. Defendant's motion for an instructed verdict was overruled, and the cause was submitted to a jury on special issues.

The jury answered that on or about August 29, 1931, plaintiffs executed and delivered the crop assignment and mineral deed to defendant upon its oral promise that note No. 8, due October 1, 1931, would be extended to October 1, 1932, and found the rental value of the land for the three crop years to be $3,765.44.

Plaintiffs moved for judgment, which was denied, and defendant's motion for judgment non obstante veredicto was granted and judgment entered that plaintiffs take nothing. Plaintiffs' motion for a new trial was overruled, and plaintiffs appeal.

Opinion.

Error is assigned to the granting of defendants' motion for judgment, the exclusion of certain testimony on the measure of damages, and the submission of an alleged charge thereon. The principal point presented and urged here is whether the oral agreement, found by the jury to have been made, to extend the indebtedness evidenced by note No. 8, and due October 1, 1931, to October 1, 1932, was merged in the written deed and assignment of the minerals and crops and the letter accompanying them.

Plaintiffs, by their first proposition, submit that, the jury having found that an extension of the indebtedness was given by mortgagee and the undisputed testimony being that the foreclosure was attempted in violation of that agreement, the trial court erred in granting defendant's motion for judgment non obstante veredicto.

Plaintiffs, under other propositions, state more specifically the grounds for their contention, some of which are as follows: The three written documents introduced in evidence, and which defendant contends formed a written contract, are nothing more or less than contemporaneous written agreements relating to the same subject, and they are to be construed together, and the several distinct stipulations are to be so construed as to give effect to each and all prior or contemporaneous parol agreements consistent with and forming a part of the contract, and construed with the written part thereof; that the evidence introduced to show the parol part of the agreement does not in any way vary the terms of any one of the three written documents, but does explain and complete the written documents; that the contract, as evidenced by the written documents, does not show the consideration upon which the contract is based, but the consideration for the crop assignment part of the contract recites the sum of $1 and "other good and valuable consideration."

The three documents, consisting of a letter, a mineral deed, and crop assignment, are as follows:

"Corpus Christi, Texas.
"August 29, 1931.
"Guaranty Title and Trust Company, Corpus Christi, Texas.

"Gentlemen: I hand you herewith mineral deed of even date herewith conveying to you as Trustee all the mineral rights in and under all that certain tract or parcel of land in Nueces County, Texas, described as the S. ½ of Fractional Section No. 305 of the F. Z. Bishop Subdivision of the Brayton Tract containing 280.32 acres of land.

"This conveyance of minerals is made to you with the understanding that you shall hold same as trustee for me in that any sums realized by you for a sale of any of said mineral rights or a lease of same shall be applied by you toward said indebtedness on said land, including taxes owing by me on said land, and that in the event

of payment in full of the indebtedness owing by me to you it is understood that you will then upon request reconvey and transfer to me any of said mineral rights then remaining in your hands, but it is further understood that in the event you shall, at any time, acquire fee simple title to the above described land then said mineral deed, above mentioned of even date herewith, shall become absolute and inure to the benefit of you as owner of said land without equitable interest in me.

"It is further understood that all rents and revenues realized by you from the above described land, under assignment this day executed by my wife and me to you, shall be applied by you on the indebtedness owing by us against said land as you, in your judgment, may deem best.

"Yours very truly,

"J. J. Busby.

"Accepted:
"Guaranty Title and Trust Company.
"By H. L. Gross, V. P."

The mineral deed is as follows:

"The State of Texas
"County of Nueces

"Know all men by these presents: That we, J. J. Busby and wife, Lelia Busby, of Hidalgo County, Texas, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) cash in hand paid by Guaranty Title and Trust Co., Trustee, a corporation of Nueces County, Texas, hereinafter called Grantee, the receipt of this is hereby acknowledged, have granted, sold, conveyed, assigned and delivered and by these presents do grant, sell, convey, assign and deliver unto the said Grantee all of our interest in and all of the oil, gas and other minerals in and under, and that may be produced from the following described land situated in Nueces County, Texas, to-wit: The South one-half (S ½) of Section No. 305, of the F. Z. Bishop Subdivision of the Grayton Tract, containing 280.32 acres of land, according to map or plat of said Subdivision of record in the office of the County Clerk of Nueces County, Texas, to which reference is here made for a more particular description of said property; together with the right of ingress and egress at all times for the purposes of mining, drilling and exploring said land for oil, gas and other minerals, and removing the same therefrom. It is understood and agreed that all of the money rentals which may be paid to extend the term within

which a well may be begun under the terms of any lease is to be paid to the said Grantee, and in the event that any lease for any reason becomes cancelled or forfeited, then and in that event all of the lease interest and all future rentals on said land for oil, gas and other minerals privileges shall be owned by said grantee, grantors owning none of oil, gas and other minerals in and under said lands, or any interests in all future rents.

"To have and to hold the above described property, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee herein, its successors and assigns, forever; and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said property unto the said grantee herein, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness our hands this the 29th day of August, 1931.

"[Signed] J. J. Busby,<br>"Lelia Busby."

The crop assignment is in this language:

"The State of Texas

"County of Nueces

"For and in consideration of the sum of $1.00 and other good and valuable consideration to us in hand paid, the receipt of which is hereby acknowledged, we, J. J. Busby and wife, Lelia Busby, hereby transfer, assign and convey unto the Guaranty Title and Trust Company, a corporation of Nueces County, Texas, all rents and revenues, due us or which may become due to us in money or crop, derived or to be derived during the year 1931 from all that certain tract or parcel of land, lying and being situated in the County of Nueces, State of Texas, and described as follows, to-wit:

"The South one-half (S½) of Section No. 305 of the F. Z. Bishop Subdivision of the Brayton Tract containing 280.32 acres of land, according to map or plat of said Subdivision of record in the office of the County Clerk of Nueces County, Texas, to which reference is here made for a more particular description of said property.

"It being intended to include herein all rents or crops heretofore gathered or now standing on said land so that said Guaranty Title and Trust Company shall be entitled to receive any and all amounts to which we, as landlords, may be entitled from said land. And we do covenant that said rents, revenues and crops are free from all other grants, assignments, sales and incumbrances by us suffered, made or created.

"Witness our hands, this the 29th day of August, A. D. 1931."

The defendant submits that the preliminary negotiations of August 29, 1931, which led to and resulted in the execution of the above three written instruments, including all oral agreements relative thereto, became merged into the above written agreements, and the writings must be taken as expressing the final agreement of the parties, in the absence of pleading and proof of fraud, accident, or mistake.

■ As we view the case, there is no element of fraud, accident, or mistake involved. There is an omission in the writings, considering them as stating one contract, to state the full consideration for entering into the contract as written. The consideration for entering into the contract deeding the defendant as trustee the mineral interest and crop assignment is not stated in the letter. The consideration for the mineral deed is the receipt of $10. For the crop assignment the consideration is stated to be "the sum of $1.00 and other good and valuable consideration." The rule is stated to be that the true consideration may be shown by parol or other extrinsic evidence to be different from that expressed in the writing, without pleading fraud, accident, or mistake, except where the recited consideration is promissory or contractual. The claim of plaintiffs is they executed the deed to the minerals and the crop assignment upon the express agreement (parol) that note No. 8 should be extended for one year. The pleading seems to be sufficient to admit the evidence as to the real consideration for the written contract. The admissibility of the parol agreement in evidence seems not to have been questioned. When admitted in evidence, we then have the parol agreement for the real consideration as though written in the contract. The jury found that defendant had so agreed.

But, should it be held for any reason that the parol agreement could not be read into the contract as the real consideration for the written contract, we then have the question, Does the parol agreement as

shown vary, modify, or contradict the terms of the writing?

A verbal agreement is not always merged into a subsequent written contract. Jones v. Risley, 91 Tex. 1, 32 S.W. 1027; Milliken v. County of Callahan, 69 Tex. 205, 6 S.W. 681; 10 Tex.Jur. p. 366, and note 11.

██ The rule seems to be that there is no merger where the writing does not relate to nor include the subject-matter of the oral understanding. Here it would seem difficult to understand the writing if the parol agreement is not to be considered as a part of the matters embraced in the writing. None of the writings remotely refer to the parol agreement to extend the time of payment of note 8 as a part of the consideration for the deed to the minerals or the crop assignment. Under the circumstances shown here, it is permissible to prove the real consideration, the doing of which does not infringe upon the rule that the terms of the written instrument cannot be varied by oral testimony, but rather shows what the real consideration is. When the whole consideration is not expressed in the writing, parol evidence is admissible to supply the deficiency, and, where the parol agreement does not contradict the writing, the allegations of fraud, accident, or mistake are not necessary to account for the failure to express the full consideration; such right to show the real understanding of the parties exists at common law. H. Taylor et al. v. Merrill, 64 Tex. 494; 1 Greenleaf on Evidence, § 285; 2 Wharton, § 1044. Judge Short refers with approval to the above rule in Pitts v. Camp County et al., 120 Tex. 558, 567, 39 S.W.(2d) 608, and the authorities there cited. In the Pitts v. Camp County Case, supra, Judge Short states the rule to be that, where the consideration, moving a grantor to execute a written conveyance of property, is not contractual in its nature, it is permitted to prove the real consideration, the doing of which does not infringe upon the rule that the terms of a valid written instrument cannot be varied by oral testimony, but shows the real consideration.

██ Plaintiffs complain of the court's charge in submitting the measure of damages as to the carrots and onions raised on said lands for the years 1932, 1933, and 1934.

Plaintiffs pleaded that they had contracted to plant 150 acres in carrots and 50 acres in onions; that plaintiffs were to furnish the seed and were to receive one-half of what it would yield; they alleged the number of crates per acre each that would have been produced, the cost and the net profit for each, and made the proof as alleged which was not controverted by evidence. The court heard the evidence upon the fact pleaded, but excluded the evidence upon objection that same was not the proper test of market value; that the market value was determined by general market value and not by individual transactions. The court submitted the issue as follows: "What do you find, from a preponderance of the evidence, to be the reasonable rental value, if any, of said land for the year 1931–1932, 1932–1933, 1933–1934? Answer in dollars and cents, if any."

The jury answered as submitted, 1931–1932, $1,401.60; 1932–1933, $1,681.92; 1933–1934, $1,681.92.

The plaintiffs and defendant agreed: "It is agreed for the sake of the record, to preserve the bills of exception to the plaintiff, that if permitted by the court the plaintiff would have introduced witnesses who were qualified to testify concerning the market value of the carrots and onions and other vegetables in Nueces County in March and April, of 1932, and such evidence was excluded by the court as not being the proper measure of damages in this case."

In Rogers v. McGuffey, 96 Tex. 565, 74 S.W. 753, on a certified question, the Supreme Court said, in effect (we quote the syllabus): "In an action for breach of a contract for the rental value of farm land, an instruction that the measure of damages was the reasonable market value of the renter's share of the crops he would be reasonably expected to have raised during the term, less the amount he earned, or by diligence could have earned, after breach of the contract" was not objectionable.

Crews v. Cortez et ux., 102 Tex. 111, 113 S.W. 523, 38 L.R.A.(N.S.) 713, announces the rule for the measure of damages where there has been a conversion of the crop, and in which the court reviews at length the Rogers v. McGuffey Case, supra; the rule stated for the measure of damages is as clear as can be found; the owner of the land is entitled to recover the full value of his share of the crop as contracted with the tenant

without having to account to the one who has wrongfully converted the crop for any expense incurred by him. The cases here referred to and the cases noted in the opinions of the court state the rule for the measure of the damages that must control in this case. Plaintiff had the crops contracted with the tenant for the crop year of 1931–1932. We may not assume that the measure of damages would be the same for other crop years where the land may have been planted under a different contract and to other crops. The evidence is not sufficient to justify a statement of plaintiff's probable damages for years other than the year under contract as shown.

We have concluded that under the record presented the case should be reversed and remanded, and it is so ordered.

Reversed and remanded. ·