C. H. TIGNOR ET AL. v. BABE TONEY ET AL.

Delivered May 7, 1896.

1.    Plea of Privilege—Venue—Order of Filing.

It is not error to overrule a plea setting up the defendant's Privilege to be sued in the county of his residence, where such plea is filed after the original answer, and fails to allege that defendant does not reside in the county where the suit is brought.

2.    Same—Negativing Statutory Exceptions.

It is not necessary that such plea should negative all the exceptions mentioned in the statute to the rule requiring the defendant to be sued in the county of his residence, but only such supposable matter as would confer jurisdiction over the person of the defendant in the given case.

3.    Landlord and Tenant—Crops Raised on Shares—Tenancy in Common.

Where one farms the land of another under an agreement by which he is to give the land owner a part of the crop raised, he and such owner, in the absence of a stipulation providing otherwise, become tenants in common of the crops raised; but if the land owner retains the property in the crops and the control thereof, and divides to the cropper his share, the latter has no interest in the land or title to the crops, except, after division to such part as may be set off to him.

**4. Same -Conversion by Landlord—Tenant's Remedy.**

Where the rental contract is such that the land owner and cropper are tenants in common. and the former, after the crops are planted, wrongfully dispossesses the latter, and himself completes the cultivation, the tenant may, after the crops are matured, sue for his undivided share and for partition, or if such share cannot be had. for its value.

**5. Same—Measure of Damages—Change in Form of Property.**

Personal property illegally or tortiously held can be retaken by the rightful owner in any new form into which it may be put by the labor of the defendant, without reference to the increase of value by such change of form, unless the taking was not willful, but innocently done, as by mistake.

**6. Same—Exemplary Damages.**

Exemplary damages are not allowed for the ordinarily wrongful taking or conversion of property, but a taking or conversion accompanied by willful acts of violence. or malicious or oppressive conduct, will subject the wrongdoer to exemplary damages.

**7. Same—Judgment for Both Property and Value.**

Where there is no evidence that the property is not on hand, a judgment against the defendant for its value is not warranted.

APPEAL from the County Court of Waller. Tried below before Hon. A. G. LIPSCOMB.

*Arthur C. Tompkins,* for appellants.

No brief for appellees reached the Reporter.

GARRETT, CHIEF JUSTICE.—The appellant, Ellis, by his manager and agent, the appellant Tignor, entered into a contract with the appellee for the cultivation of land belonging to Ellis for the year 1894. Ellis agreed to furnish appellee the land and tools and teams to cultivate the same with, and to furnish feed for the teams. Appellee agreed to cultivate the land in a good and farmer-like manner, and make thereupon a crop of corn and cotton and gather the same, and was to receive one-half thereof as her part, and Ellis was to receive the other half. On May 15, 1894, after the crops had been planted and were growing, Tignor refused to let appellee have the team and compelled her to leave the premises, and took possession thereof and the crops himself.

On September 10, 1894, when the crops had matured, the appellee brought this suit against both Ellis and Tignor to recover one-half thereof and exemplary damages for wrongfully, illegally and wilfully violating the contract, and by threats, force and violence ejecting appellee from said farm.

Ellis was a resident of Travis County, Texas; his farm is situated in Waller County, and Tignor resided on the farm in Waller County. Ellis pleaded in abatement his privilege to be sued in Travis County which was overruled by the court. It does not appear that the court erred in doing so, even it be conceded that no cause of action was shown against Tignor, because the plea appears to have been filed after the original answer, and was not in due order of pleading. It is also defective because it does not allege that Ellis did not reside in Waller

County.   Boothe v. Feist, 80 Texas, 144; Crawford v. Caruthers, 66 Texas, 199.   The plea undertakes to negative all the exceptions mentioned in the statute to the rule requiring the defendant to be sued in the county of his residence.   This is entirely unnecessary.   Only such supposable matter as would give jurisdiction to the court over the person of the defendant should be stated.   Raleigh v. Cook, 60 Texas, 442; Stark v. Whitman, 58 Texas, 375.

Appellants have complained of the refusal of the court to charge the jury that the measure of damages was the value of the crop at the time the contract was breached.   This rule is applied where crops have been destroyed.   Railway v. Pool, 70 Texas, 713; Railway v. Schofield, 72 Texas, 496; Railway v. Young, 60 Texas, 201; Railway v. Bayliss, 62 Texas, 570.   In this case the crops were not destroyed, but grew to maturity after the appellee had been ousted from the control and possession thereof; and she has not sued as in trover to recover the value thereof as for a conversion at the time of the alleged breach of the contract, but seeks to recover the property, or in lieu thereof its value.   In order to determine the measure of damages in case the property cannot be had, it becomes necessary to settle some troublesome questions; because if the appellee had no title to the property, she cannot maintain a suit therefor, or for damages for the conversion thereof, but must sue for damages for a breach of the contract.   If she had the entire title, however, such suit might be maintained, and the question of the measure of damages simply would arise.   But if on the other hand she and Ellis were tenants in common in the crop, the question becomes complicated with the legal principle that one tenant in common cannot ordinarily maintain his suit against his cotenant for the possession of the common property.   Trammel v. McDade, 29 Texas, 360; Freeman on Cotenancy and Partition, sections 287, et seq.

The title to the crop will be determined by the relation between the parties created by the contract, whether that of landlord and tenant, tenants in common, or of master and servant.   The contract was a letting on shares.   The relation of landlord and tenant or lessor and lessee may exist although the rent is payable in kind in a share of the crop, in which case the entire title is in the lessee with a lien in favor of the landlord or lessor.   Revised Statutes (1879), art. 3107; Railway v. Bayliss, supra; 4 Am. & Eng. Encyc. Law, 897, 898.   But where there is a provision for a division of the specific crops with a reservation by the landlord of an undivided share, the parties become tenants in common. It is said that there is no doubt, that where one man farms the land of another, under an agreement by which he is to give to the owner a part of the crop raised for its use, he and the owner, in the absence of a stipulation providing otherwise, become tenants in common of the crops raised.   4 Am. & Eng. Encyc. Law, 896 and 897 and notes.   On the other hand, where the owner of the soil retains the property in the crop and the control thereof and divides to the cropper his share, the cropper is the servant of the landowner and receives his share as the price of his

labor. The latter has no interest in the land or title to the crop, except after division to such part as may be divided to him. 4 Am. & Eng. Encyc. Law, 899, 900 and notes. The contract in this case was oral, and the evidence to show what it was is very meager. There are circumstances that tend to show that the owner of the land may have retained the property in the crop and control thereof, and that the appellee was a mere cropper without title to the crops raised; but taking the evidence as delivered by the witnesses, it seems that Ellis and the appellee became tenants in common in the crops. Such being the case, the appellee could not maintain a suit for the conversion thereof without showing that the crops had been destroyed or something done equivalent to their destruction. Trammel v. McDade, supra. Freeman on Cotenancy and Partition, sections 306 et seq. The petition does not allege a destruction or appropriation of the property by the defendants so that it cannot be had, but the cause of action is for an undivided one-half interest or the value thereof, with an additional prayer for general and equitable relief. In the absence of an exception, the court would perhaps be authorized by the allegations of the petition to adjudge a partition, and in case the crops could not be had, to render judgment for one-half of their value, since it appears that the crops were matured and ready for division and the appellee was entitled to possession. Part owners of personal property may be compelled to make partition between them by a suit in the court having jurisdiction of the value of the property, and it may be sold for that purpose. Rev. Stats., (1895) arts. 3626 et seq.; Trammell v. McDade, supra; Freeman on Cot. & Part., secs. 252, 448.

There is much conflict of authority as to the measure of damages where, subsequent to the illegal taking or conversion of property, the defendant has increased its value by bestowing labor on it. But it is said to be well settled as a general rule that personal property, illegally or tortiously held, can be retaken by the rightful owner in any new form into which it may be put by the labor of the defendant, without reference to the increase of value by such change of form. 2 Sedgwick, Measure of Damages, 396 (483); Cooley on Torts, 55; 1 Suth., Damages, 164 et seq. A distinction is always to be observed between a willful and tortious taking of the property and where it is innocently taken, as by mistake. It would seem that there could be no difference in principle between tenants in common where one willfully disregards the rights of the other and wrongfully excludes him from possession of the thing owned in common, for he is without any equity that would entitle him to compensation for its improved value. From what has been said it follows that the fifth paragraph of requested instructions was properly refused by the court.

There is nothing in the evidence to show that Ellis is in any manner liable to the appellee for exemplary damages. Although the taking of the property may have been wrongful, and Ellis may be responsible for the act of his agent Tignor in ousting the appellee, yet his liability is

only for the property or its value, unless it should be shown that he approved and ratified the acts of Tignor which would make him liable for exemplary damages. Exemplary damages are not allowed for the breach of an ordinary contract, or for the ordinary wrongful taking or conversion of property. But the breach of a contract or the taking or conversion of property may be accompanied by such willful acts of violence, malicious or oppressive conduct, as would subject the wrong doer to exemplary damages. The petition is sufficient to admit evidence of such conduct on the part of Tignor as would subject him to such damages; but the sufficiency of the evidence to support the verdict therefor against him will not be passed on.

The case was not tried below on the theory that it was an action for partition. The crops were alleged to be on hand in kind, and there was no evidence to show that they were not. If it had been shown that the crops had been secreted or made way with so that they could not be had for partition, judgment might properly have been rendered for the full value thereof found by the jury. But the judgment rendered was not authorized by the pleadings and evidence.

The charge of the court directing the jury to find for the plaintiff the value of the property and damages was erroneous. While the jury may have been required to assess the value of the several articles of property under the statute with a view to a partition (Rev. Stats. [1895], art. 3628), yet there was no evidence that the property was not on hand, and judgment against appellants for the value thereof was not authorized. From the evidence no exemplary damages should have been found against Ellis, and the charge should have distinguished the liability of Ellis and Tignor. On another trial, if the pleadings and evidence should show that the property could not be had and the claim of appellee to an undivided one-half interest therein should be shown, she would be entitled to recover the value of her share of the crop as a matured crop to be determined in accordance with the rule when property has been converted; and she might also recover exemplary damages in addition to the value of the property as above stated on showing herself entitled thereto.

The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*