BURWELL v. BRODIE.

(Filed April 5, 1904).

1. LANDLORD AND TENANT—*Damages—The Code, sec. 1776.*

Under The Code, sec. 1776, a tenant who secures the reversal of summary proceedings against him may have damages for eviction assessed in the original or in a separate action.

2. LANDLORD AND TENANT—*Damages—Pleadings.*

A complaint in an action by a tenant for wrongful eviction by summary proceedings, alleging that by reason thereof plaintiff was deprived of his house and garden for shelter and support of his family, and was distressed in body and mind and put to great mortification and shame and loss of employment, sufficiently alleges damages other than the loss of crops.

3. JUDGMENT—*Estoppel—Landlord and Tenant—Advancements.*

A judgment for a tenant in summary proceedings is not an estoppel on the landlord to the extent of precluding him from showing in a subsequent action advancements made prior to eviction to which he was entitled.

4. LANDLORD AND TENANT—*Advancements.*

Where a landlord wrongfully evicts a tenant, he can recover for advancements to the tenant before the eviction, but not for labor performed by himself after the eviction.

WALKER, J., dissenting.

ACTION by Matthew Burwell against B. T. Brodie, heard by *Judge G. S. Ferguson* and a jury, at October Term, 1903, of the Superior Court of VANCE County.

The present plaintiff was the tenant or cropper on the present defendant's land during the years 1901 and 1902 under a farming contract by the terms of which he was to have one-half of the crop made on the land. In May the present defendant instituted summary proceedings before

a justice of the peace to eject the present plaintiff. From a judgment against him, he, the present plaintiff, appealed to the Superior Court. He gave no undertaking to stay execution and was, by the constable acting under an execution issued upon said judgment, evicted and the present defendant put in possession. At October Term, 1902, the cause came on for trial upon the appeal, and the Court held upon the plaintiff's (present defendant) own showing that he was not entitled to recover, and adjudged that a writ of restitution issue to put the present plaintiff in possession. The Court also adjudged that the present plaintiff recover one-half of all crops raised on the land. The present defendant appealed and had time allowed to give bond and perfect his appeal. He failed to give the bond or perfect his appeal, but remained in possession, gathered and sold the crop, receiving therefor $366.79.

The present plaintiff thereupon brought this action, alleging the foregoing facts, and alleging that the defendant's conduct in the premises was unlawful, wrongful and tortious and amounted to an abuse of legal process, and that by reason thereof the plaintiff "was deprived of his house and garden for shelter and support of his family; that he was greatly distressed, agitated and troubled both in body and mind thereby, and specifically and more so on account of the condition of his wife, which was known to the defendant, and was put to great mortification and shame thereby as well as loss of employment, etc." For all of which he demands damages. His Honor rendered judgment "that the plaintiff has not alleged in his complaint matters sufficient to constitute a cause of action for damages other than the value of the crop." He thereupon proceeded to adjudge that the plaintiff recover one-half the value of the crop, ascertained to be $183.39. The Court held that, in respect to the crop, the defendant was bound by the judg-

ment rendered at Fall Term, 1902, and refused to allow the defendant to show the amount expended by him in making and saving the crop. From this judgment the plaintiff and defendant appealed.

*T. T. Hicks* and *R. S. McCoin,* for the plaintiff.
*W. B. Shaw* and *A. C. Zollicoffer,* for the defendant.

CONNOR, J., after stating the facts. We are of opinion that his Honor was in error in holding that the plaintiff did not state facts sufficient to enable him to submit an issue to the jury in regard to the alleged damage sustained by him for the eviction. While he could have demanded such an issue upon the rendition of the judgment of October Term, 1902, he was not compelled to do so. Section 1776 of The Code expressly secures to him the right to "recover damages of the plaintiff for his removal in such cases as the present. The question is settled by this Court in *Woody v. Jordan,* 69 N. C., 189. It is there said that the defendant who successfully resists an action of replevin may have his damages assessed in the original action but that he is not compelled to do so, and may have his separate action on the bond or on the case for damages sustained by the wrongful suing out of the writ and eviction. *Mr. Justice Rodman* says: "It must be, then, that the common law gave him full indemnity by means of a separate action for the damages for the taking and detention." It seems from the statement of the case on appeal that his Honor was asked by the defendant to hold that the complaint did not state facts sufficient to constitute a cause of action against the defendant" for damages, for abuse of legal process, mental or physical anguish or malicious prosecution, and that the said complaint does not allege malice or want of probable cause, or special damages because of his eviction,

"and moved the Court to dismiss the action as to any and all such alleged causes. The motion was sustained. As we have seen, the judgment, which is the record and controls in respect to what is decided, simply states that his Honor ruled that the complaint did not allege any damage other than the loss of his crop. We can not concur with this construction of the complaint. We think it is sufficiently alleged that he suffered damages incident to his wrongful eviction, *i. e.,* "a shelter and support for his family, etc." We do not express any opinion in regard to the character and nature of the damages which he may recover upon the allegations. He alleges a wrongful eviction, and for this injury he may recover such damages as proximately resulted from such injury. His Honor should have submitted an issue involving this inquiry and instructed the jury in regard to the measure and kind of damages which might be recovered. This Court has, in *Remington v. Kirby,* 120 N. C., 322, announced the principle upon which punitive damages may be recovered.

We simply decide that upon the complaint the plaintiff was entitled to have an issue as to his actual damages. To this end there must be a new trial.

### IN DEFENDANT'S APPEAL.

CONNOR, J. His Honor *Judge Winston* at the October Term, 1902, rendered judgment that the plaintiff be restored to the possession of the land from which he had been wrongfully evicted, and recover one-half the crops made. The execution of this judgment was prevented by the appeal of the defendant, who remained in possession until the expiration of the plaintiff's term, gathered and sold the crops. While it may be that the present plaintiff may have had the value of the crops ascertained and judgment therefor at the next succeeding term of Court, the

present defendant having failed to perfect or prosecute his appeal, he was not compelled to do so. In this action he relies upon the judgment as an estoppel upon the defendant. It is an estoppel to the extent of what was decided or should have been decided. It does not operate to prevent the present defendant from showing the value of the crop and what portion of it he is entitled to retain for advancements made before the eviction under the terms of the contract. By his wrongful act in evicting the plaintiff, he does not forfeit his rights under the contract and the statute as landlord which had accrued to him. The record shows that the plaintiff was evicted about May 1; that the defendant furnished guano, cotton-seed meal and cotton-seed used upon the crops. The date at which these articles were furnished is not given, but we may take notice of the season for planting and find that they must have been purchased or furnished at or about the time of the eviction. We infer from the record that the crop was not planted, as the controversy grew out of a difference between them as to what crop should be planted. However this may be, the defendant should be allowed a credit for the guano, cotton-seed meal and cotton-seed used in planting and making the crop, as the use of them was necessary to the planting and making the crop and in no way affected by the eviction. In regard to the amount paid for labor, the defendant may not have credit. Having, as the record shows, and for the purpose of disposing of this appeal, conclusively so, wrongfully evicted the plaintiff and prevented him from doing the work, he can not charge him for having it done by some other person. This would be to take advantage of his own wrong.

We are not sure that we understand the last two items on the account for corn and hay furnished to feed the mules "over amount furnished." It does not appear when or under what circumstances these articles were furnished. It

is possible that these questions may be adjusted under the advice of the intelligent counsel representing the parties. There are few controversies more difficult to adjust than those arising out of farming contracts. It is a subject of congratulation that they are usually settled by mutual concessions. This case would, as it seems to us, seem to offer an opportunity to do so. There must be a

New Trial.