## J. N. FAGAN v. HERMAN VOGT.

### Decided April 18, 1904.

**1.—Lease—Suit for Conversion—Tenants in Common.**

A lease of land providing that three-fourths of the cotton grown and two-thirds of the pecans gathered should go to the lessee, constituted him a tenant in common of such crop with the lessor and entitled him to bring suit at any time after the conversion of the property by the lessor, without waiting until the lease expired.

**2.—Conversion of Crop—Ejectment—Remedy—Lessor and Lessee.**

While the lessee might have brought an action for restoration of possession of the premises upon conversion of the crop and his ejectment by the lessor, his failure to do so can not defeat his right to recover the value of his property unlawfully converted and disposed of by the lessor.

**3.—Charge—General and Special.**

Where the general charge sufficiently presents an issue a special request thereon is properly refused.

**4.—Lessor and Lessee—Tender—Compromise.**

The offer of the lessor, after suit was instituted by the lessee to recover the value of property unlawfully converted, to pay the lessee his portion of the proceeds of the crop and permit him to re-enter upon the premises and gather the remainder of the crop did not amount to a tender but was only an attempt to compromise the suit.

**5.—Conversion—Growing Crops—Cost of Gathering.**

One tenant in common suing to recover for wrongful conversion by another tenant of his interest in a growing crop can not be charged with the cost of gathering such crop.

Appeal from the District Court of Victoria. Tried below before Hon. James C. Wilson.

*Fly & Hill,* for appellant.

*Dupree & Pool,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against the appellant, alleging that in the fall of 1901 he rented from appellant for a term of one year, beginning on the 1st of January, 1902, a farm and pecan bottom situate in Victoria County and fully described in the petition; that by the terms of said contract of rent plaintiff was entitled to three-fourths of the cotton grown by him on said rented premises during the year 1902, and two-thirds of the pecans grown on said premises during said year, said pecans to be gathered by plaintiff; that plaintiff took possession of the premises under his contract and cultivated the farm thereon and protected and cared for said pecan bottom until the 9th day of September, 1902, when he was unlawfully and forcibly ejected from said premises by the defendant; that at the time of his unlawful ejection there were six bales of matured cotton in the field ready to be gathered and a large crop of pecans which had not then fully matured; that defendant took possession of said cotton and pecans and gathered the same and has sold a large portion thereof and refuses to account to plaintiff for his interest in same. The value of plaintiff's interest in the cotton and pecans so

unlawfully converted by defendant is alleged to be the sum of $3600. The prayer of the petition is for a recovery of plaintiff's interest in the property and for partition of such of the property as can be found and the recovery of the value of that portion which has been disposed of by the defendant. The original petition was filed October 20, 1902.

Appellant demurred to said petition, "because the suit could not be maintained before the termination of the lease term." "Because the ungathered crop was not the common property of plaintiff and defendant of which a partition could be had; that if appellee had any remedy, it would be for damages in which the measure of damages would be the market value of the lease at the time of the alleged breach. Because the petition failed to show that appellee had failed to secure cther premises on which to gather pecans. Because appellee's remedy was by judicial proceedings to restore to him the possession of the premises. Because the damage as alleged was too remote and speculative." All these demurrers were overruled and appellant answered by denying the contract to have embraced the pecan crop for 1902, but that it was for the pecan crop of 1901 and the cultivation of the land for the year 1902. He also plead breach of contract by appellee in failing to cultivate all of the land as he had agreed to do and asking the rental value of the land not cultivated by appellee.

The trial in the court below by a jury resulted in a verdict and judgment for plaintiff for the sum of $350.

The evidence sustains the material allegations of the petition, and shows that all of the cotton and pecans taken possession of by the defendant as alleged in the petition were sold by him and the proceeds appropriated to his own use and benefit.

It would serve no useful purpose to discuss the various assignments of error in detail, and we will dispose of the several questions presented by the record without a categorical reference to the assignments.

We think the petition stated a good cause of action and all of defendant's exceptions thereto were properly overruled.

The case of Tignor v. Toney, 13 Texas Civ. App., 518, 35 S. W. Rep., 881, sustains appellee's contention that under the rent contract shown by the evidence he became a tenant in common with appellant in the crop and pecans grown upon the rented premises, and as such can maintain a suit against his cotenant for the conversion of his portion of said crop and pecans. It follows that the suit could be brought at any time after the conversion of the property, and appellee was not required to wait until the expiration of the term of the lease before bringing suit. The rule which requires the plaintiff in a suit for breach of a contract of hire to show that he has not been able to obtain other employment can have no application to a suit of this character. While appellee might have brought an action for restoration of possession of the premises, his failure to do so can not defeat his right to recover the value of his property unlawfully converted and disposed of by the defendant.

The issue as to whether appellant forcibly ejected appellee from the

35 Civ—34

premises and prevented him from gathering the crop of cotton and pecans was properly presented by the trial court in his charge to the jury and the special instruction requested by appellant upon that issue was properly refused. The offer of the appellant after the suit was brought to pay plaintiff his portion of the proceeds of the cotton and pecans which had been gathered and sold by appellant and to permit plaintiff to re-enter upon said premises and gather the remainder of the pecans, and the refusal of the plaintiff to accept said offer, would not defeat his recovery, and the trial court correctly refused to so instruct the jury as requested by appellant. If such offer could be regarded as a tender it would only affect the question of costs, but the evidence only shows an ineffectual attempt on appellant's part to compromise the suit after it had been brought, and does not raise the issue of tender. In the case of Tignor v. Toney, supra, the rule that one who has tortiously taken and converted the property of another can not charge the rightful owner with labor expended by the wrongdoer upon the property whereby its value is increased, is applied to a conversion by one tenant in common of the interests of his cotenant in a growing crop, and such cotenant suing to recover the value of his interest in the crop which had been gathered and sold by the wrongdoer can not be charged with the cost of gathering the crop. Under this rule appellant was not entitled to show the cost of gathering the pecans, and the trial court did not err in excluding testimony offered by him for that purpose.

We think none of appellant's assignments should be sustained and that the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*