MEADS v. MEADS. (No. 792.)

(Court of Civil Appeals of Texas. Amarillo. May 15, 1915. Rehearing Denied June 19, 1915.)

1. TRIAL ⬦365—VERDICT AS FINDING.

In an action for breach of contract, where there was a general verdict for the plaintiff, the defendant could not defeat recovery on the ground of plaintiff's admitted nonperformance, since the general verdict was tantamount to a finding that the defendant himself had prevented entire performance of the contract.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 871–874; Dec. Dig. ⬦365.]

2. CROPS ⬦3—CONTRACT TO SHARE—MATERIAL BREACH—SHARING CROPS.

In an action by defendant's son for breach of defendant's contract to give him one-fourth of the crops raised on defendant's farms, where it was never urged by defendant as a reason for repudiating the contract until after plaintiff had been denied a settlement and had left the farm, that plaintiff was obligated by his contract to act as foreman and manager of the crop, it being admitted by defendant that plaintiff was a good worker and faithful in the performance of his duties up to the time of the breach between the parties, and it not being shown that any damage resulted from plaintiff's failure to act as foreman, such failure did not preclude the son's recovery under the contract; it being clear that the term of the contract in question was considered by the parties as immaterial, and was such in fact.

[Ed. Note.—For other cases, see Crops, Dec. Dig. ⬦3.]

3. DAMAGES ⬦62—BREACH OF CONTRACT—MITIGATION.

Where a son, who had a contract with his father, whereby, in consideration of his services, the latter agreed to give him one-fourth of the crops raised on his two farms, continued work thereunder until after the crops were fully matured, and until his father refused to perform the contract, thereupon quitting and suing for the value of his share, his recovery could not be reduced by what he might have earned in other employment, since the rule requiring plaintiff, in a suit for breach of contract of hire, to show that he has not been able to obtain other employment, has no application to an action under a sharing contract for conversion of matured crops.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 119–131; Dec. Dig. ⬦62.]

Appeal from District Court, Wheeler County; F. P. Greever, Judge.

Action by J. M. Meads, Jr., against J. M. Meads, Sr. Judgment for plaintiff, and defendant appeals. Affirmed.

C. D. Russell, of Plainview, for appellant. J. B. Reynolds, of Wheeler, for appellee.

HALL, J. Appellee sued for one-fourth the value of the crops grown on two certain farms belonging to appellant in 1912. At the October term, 1914, of the district court of Wheeler county, there was a verdict in favor of appellee for $600. Appellee alleged that, at the beginning of the year 1912, he entered into a contract with his father to assist him in the cultivation and harvesting of the crops to be grown on both of said places during that season; that plaintiff was to furnish for use a certain team of mules owned by him and was to act as foreman or manager in the work; that the defendant, on his part, was to board plaintiff and furnish, without cost, feed for plaintiff's team; that as compensation for his services, and for the use of his time, plaintiff should receive one-fourth of all the crops that might be harvested from both places, all additional expenses, if any, for work in making and gathering the crops to be paid by defendant; that plaintiff faithfully performed and fulfilled his part of said contract, and as a result thereof crops were gathered on both places of the reasonable value of $3,545. Plaintiff further alleged that he assisted in gathering nearly all of said crops, but that during the gathering season defendant refused to permit plaintiff to assist further, and, although he was at all times ready and willing to do so, he was not permitted by defendant to work until the end of the harvest; that defendant took charge of all crops and sold the same and converted the proceeds to his use.

The substance of defendant's answer is, in addition to general and special denials, an allegation to the effect that plaintiff breached the contract and, upon the day he reached his majority, left the defendant's place, notwithstanding defendant earnestly solicited plaintiff to remain and offered to pay him for his services in the future.

[1] Appellant insists that the court erred in not directing a verdict in his favor:

First, because plaintiff failed to show performance upon his part of the obligations resting upon him under the contract, in that he did not remain until the end of the harvest and assist in gathering the crops which had been raised. The general verdict in plaintiff's favor being tantamount to a finding by the jury that Meads, Sr., had prevented entire performance of the contract by his son, he, of course, cannot defeat the son's recovery upon the ground of nonperformance. Hearne v. Garrett, 49 Tex. 619; Bost v. McCrea, 172 S. W. 561.

[2] Second, because it was not shown that plaintiff acted as foreman and manager of the crop during the year 1912. This matter was never at any time urged by appellant as a reason for repudiating the contract until after plaintiff had been denied a settlement and had left the farm. The evidence shows that appellant was the eldest of several children on the place, and it is admitted by both appellant and a younger son, who testified for him, that plaintiff was a good worker and was faithful in the performance of his duties up to the time of the breach between the parties. It is not shown that any damage resulted because appellee failed to act as foreman during the year. It is clear from the record that the parties did not consider this a material term of the contract, and such is our construction of it.

[3] Appellant insists that an incorrect measure of damages has been applied by the court. The uncontroverted facts are that appellee did not quit work and leave the farm until about the 3d of December. The crops had at that time fully matured, and about 22 bales of cotton had been picked and sold. The rule applied by this court in Bost v. McCrea, supra, following Rogers v. McGuffey, 96 Tex. 565, 74 S. W. 753, and Crews v. Cortez, 102 Tex. 111, 113 S. W. 523, 38 L. R. A. (N. S.) 713, is not applicable to such a state of facts. As said by the Supreme Court in the last-mentioned case, the measure of damages adopted in Fagan v. Voght, 35 Tex. Civ. App. 528, 80 S. W. 664, and in Tignor v. Toney, 13 Tex. Civ. App. 518, 35 S. W. 881, applies, where it is shown that the crops have matured and the tenant is evicted by the landlord who converts them to his own use. The rule which requires the plaintiff, in a suit for the breach of a contract of hire, to endeavor to obtain other employment, and to allow as an offset against his claim such sums as he has been able to earn or might,

by the use of reasonable diligence, have earned, during the remainder of the period of employment under his contract, has no application to this character of suit. We think, under the facts of this case, the son was entitled to recover one-fourth of the value of all the crops raised upon the two farms during 1912. Believing that a proper judgment has been rendered, and finding no reversible error, the judgment is affirmed.