### ROSSER v. COLE. (No. 1708.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 17, 1920. Rehearing Denied Jan. 5, 1921.)

**1. Trial ⬤⟳366—Exception to special issues held sufficient; "O. K."**

An exception to special issues in court's charge reciting that it was taken in proper time and properly signed by counsel, and which was indorsed by the court, "O. K. Ordered filed," is sufficient to show that the exceptions were presented to the court at the time and in the manner required by statute; the expression "O. K." meaning all correct and being not at all obscure or uncertain.

[Ed. Note.—For other definitions, see Words and phrases, First and Second Series, O. K.]

**2. Appeal and error ⬤⟳500(4)—Record need not show order expressly overruling exceptions.**

The fact that the charge excepted to was given is sufficient to show that the court overruled the exceptions, so that no order in the record showing such ruling is necessary.

**3. Trial ⬤⟳350(4)—Special issues in action to recover interest in crop held proper under pleadings.**

In a landlord's action to recover interest in the crops in which the tenant filed a crossaction for damages caused by numerous writs of sequestration by plaintiff, which the evidence showed were levied on kaffir corn and maize, special issues as to whether the tenant had refused to divide the kaffir corn on the place and the value of the maize and kaffir corn were within the pleadings.

**4. Landlord and tenant ⬤⟳328(1)—Statutory lien does not exist where landlord is tenant in common of crops.**

Where, under the provisions of the lease, the landlord is a tenant in common of the crops grown on the place, the landlord's statutory lien does not exist.

**5. Appeal and error ⬤⟳1068(5)—Answers to special issues held to cure refusal of requested instruction.**

Error, if any, in refusing to instruct that the landlord had a lien on the crops for his rent, and that, if defendant removed part thereof and refused to divide the crop, plaintiff could sequestrate the crops, was harmless, where the jury in answer to special issues found that defendant was not attempting to sell the crops grown on the place without dividing with his landlord.

**6. Trial ⬤⟳258(1)—Requested charge held insufficient to call court's attention to definition of terms.**

In an action by landlord to recover his portion of the crops, where the tenant filed a cross-action for damages caused by numerous writs of sequestration by the landlord, a requested charge as to the circumstances under which plaintiff was entitled to sequestrate the crops, if intended to define the terms "malice," "want of probable cause," "and want and disregard of defendant's rights," was not sufficiently specific to call the court's attention to such purpose.

**7. Trial ⬤⟳215 — General charge improper where special issues were submitted.**

Where the case was submitted on special issues, a special requested instruction in the nature of a general charge on those issues was properly refused.

Error from District Court, Hale County; R. C. Joiner, Judge.

Suit by L. H. Rosser against G. F. Cole. Judgment for defendant, and plaintiff brings error. Affirmed.

L. D. Griffin, of Plainview, for plaintiff in error.

Kinder, Russell & Griffin, of Plainview, for defendant in error.

---

HALL, J. Plaintiff in error sued defendant in error, alleging in substance that he leased to defendant in error certain premises described in the petition, for a period of 11½ months. He further alleges that, according to the written lease contract, defendant in error agreed to farm the land and to pay plaintiff one-half of whatever crops should be raised thereon; that by the terms of the lease plaintiff in error should furnish all necessary teams, tools, and feed to enable defendant in error to properly cultivate the premises; that by virtue of the contract plaintiff owned a one-half interest in the crops that defendant had refused to make division of, according to the terms of the lease; that he had taken the cotton from the gin without making such division and had disposed of the same, had refused to redeliver to him the horses, farming implements, and wagons, and had further refused to deliver the cotton seed and maize, as he was under the contract bound to do. There was a prayer for judgment and that a writ of sequestration issue. The defendant answered by exceptions and general denial, and by cross-action sought to recover damages, both actual and exemplary, for the wrongful and malicious issuance of several writs of sequestration. In his answer defendant in error alleges that he planted a certain number of acres of land to kaffir corn and that the writs of sequestration were, at the instance of plaintiff in error, levied upon all of his feedstuffs, and other property, as shown by the sheriff's return. The pleadings are lengthy, but this is a sufficient statement of their contents for the purpose of disposing of the questions presented by this appeal.

[1] By the first and third assignments of error plaintiff in error insists that the court erred in submitting special issues Nos. 4 and 6, inquiring of the jury whether on October 20, 1919, defendant in error had refused to divide the kaffir corn on the place and the value of the maize and kaffir corn upon said date. Defendant objects to the consideration of these assignments, because it is not shown that plaintiff in error has properly reserved his exceptions in the lower court. Plaintiff's exceptions to the court's charge recite:

"And now comes L. H. Rosser, plaintiff in the above entitled and numbered cause, after the close of the testimony and before the court submitted his main charge to the jury, and after submitting to defendant's attorneys a copy thereof, and files this, his exceptions and objections to the court's charge to the jury."

This paper excepts to the submission of special issues Nos. 4 and 6, and is properly signed by counsel. The court indorsed thereon the following: "O. K. Ordered filed as part of the record herein." As said in Getchell & Martin L. & M. Co. v. Peterson & Sampson, 124 Iowa, 599, 100 N. W. 550:

"O. K. may have no title to be classed as elegant English, but in the business life of this country it has for many years been in common use and has acquired a meaning which is not at all obscure or uncertain. Webster's International Dictionary defines it as, 'All correct.' The Century Dictionary gives its meaning as: 'All right; correct; now commonly used as an indorsement as on a bill.' It is neither more nor less than a brief but expressive certificate of the correctness of the bill or claim on which it is indorsed."

[2, 3] While there is no order in the record showing that the court expressly overruled the exceptions to the charge, the fact that the charge was given as excepted to is sufficient to show that the court overruled them, and the above-quoted recital from the exceptions shows that they were presented to the court at the time and in the manner required by the statute. These assignments, however, must be overruled because by his cross-action defendant in error alleged that the writs of sequestration had been levied upon his kaffir corn, and the evidence shows that the ricks of maize were covered with kaffir corn, and that the sheriff, in the presence of plaintiff in error, took into possession such ricks by virtue of the writ. It is unnecessary to set out the lease contract, and suffice it to say that its effect was to make plaintiff in error and defendant in error tenants in common as to the crops raised during the term of the lease.

The second assignment of error is based upon the court's refusal to give the following special charge, requested by plaintiff in error:

"Gentlemen of the jury, you are instructed in this case that plaintiff had a lien on all the crops in controversy to secure the payment of his rent out of the said crops, and that if the defendant removed the crops in controversy, or any part thereof, from the place, at which it was to be divided under the lease contract, and had refused to divide said crop, according to the terms of said contract, and attempted to sell same, then you are instructed that plaintiff had a right to sequestrate such crops for the purpose of procuring his rents under said contract."

[4-7] The parties being tenants in common, the statutory lien did not exist to secure plaintiff in error. Tignor v. Toney, 13 Tex. Civ. App. 518, 35 S. W. 881; Rogers v. Frazier Bros., 108 S. W. 727. Therefore, as applied to the facts, the requested charge is manifestly incorrect. Besides, the case had been submitted to the jury upon special issues. In answer to the third, fourth, and fifth special issues, the jury had found that defendant was not attempting to sell the crops grown on the place without dividing them in accordance with the terms of the contract. In the light of this finding, the court's refusal to give the special charge, if otherwise erroneous, was harmless. It is not clear what purpose appellant had in requesting this charge. If his intention was to define and explain the terms "malice," "want of probable cause," and "want and disregard of defendant's

rights," it was not sufficiently specific to inform the court of his purpose. As framed, the special instruction was more in the nature of a general charge upon the issues presented to the jury for determination in the form of questions, and for that reason should not have been given after the case was submitted upon special issues.

Finding no reversible error in the record, the judgment is affirmed.