### VAUGHAN v. ANDERSON. (No. 539.)

Court of Civil Appeals of Texas. Waco. June 2, 1927.

**1. Landlord and tenant ⬤═262(8)—Costs of invalid distress proceeding, in suit for rent and advances and to foreclose lien therefor, held properly adjudged against landlord.**

In suit by landlord for rent and advances and to foreclose his lien therefor, where a distress warrant was quashed, the costs of the distress proceeding were properly adjudged against him.

**2. Landlord and tenant ⬤═245—Landlord's money expended on crop seized under invalid distress warrant, in suit for rent, advances, and foreclosure of lien therefor, held not "advancement" (Rev. St. 1925, art. 5222).**

In suit by landlord for rent and advances and to foreclose lien therefor, where distress warrant was issued, and sum advanced by landlord was expended in gathering crops seized and in preparing them for the market, and the writ was quashed, the landlord might not recover the sum expended as an "advancement," under Rev. St. 1925, art. 5222; liability for advances being based on contract express or implied.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Advancement.]

**3. Landlord and tenant ⬤═262(¼)—Tenant could recover depreciation in crop held under invalid distress warrant, in suit for rent, advances, and foreclosure of lien therefor.**

Where crop raised by tenant was held for eight months under an invalid distress warrant issued in a suit for rent and advances and to foreclose lien therefor, and the crop depreciated in value during such time, tenant was entitled to recover the amount of depreciation in the value of his interest.

Appeal from Ellis County Court; H. R. Stovall, Judge.

Suit by E. J. Anderson against J. R. Vaughan, who sought to recover damages. From a judgment in favor of plaintiff, defendant appeals. Reversed and remanded.

Whipple & Wray, of Waxahachie, for appellant.

Mark Smith, of Waxahachie, for appellee.

GALLAGHER, C. J. Appellee, E. J. Anderson, claiming an indebtedness of $263 for rent and advances against appellant, J. R. Vaughan, on September 28, 1925, sued out a distress warrant and caused the same to be immediately levied on a crop of cotton and millet grown by appellant on land owned by appellee. Said writ was returnable to the county court, and the same, with the affidavit and bond on which it was based, was duly filed in said court. The case was tried in said court on May 19, 1926. On motion of appellant the court quashed the distress warrant and adjudged the costs thereof against appellee. The court heard the evidence and rendered judgment in favor of appellee for rent and advances claimed by him in the sum of $370, together with all costs of suit, except the costs of the distress proceedings, and also foreclosed a landlord's lien on the crops in the hands of the officer by virtue of the levy of said distress warrant.

[1, 2] Appellant contends that the judgment of the court is excessive. The officer who executed the distress warrant expended $89.90 in completing the gathering of said crops and preparing them for market. Appellee furnished said officer the money to pay said charges. He alleged such facts in his amended petition upon which the suit was tried and sought recovery of said amount as an advancement to appellant under the provisions of article 5222, R. S. 1925. The court allowed recovery therefor and the amount thereof is embraced in the judgment appealed from. The court properly quashed the distress warrant and there is no complaint of such action. He also properly adjudged the costs of the distress proceedings against appellee. Baines v. Ullmann, 71 Tex. 529, 535, 9 S. W. 543; Stephens v. Cox (Tex. Civ. App.) 255 S. W. 241, 242, par. 10; Jackson v. Jernigan (Tex. Civ. App.) 77 S. W. 271, 272. Appellee was not entitled to recover said amount in this suit. It was not money furnished to appellant to enable him to gather the crop and to prepare it for market. The seizure of the crop and the expenditure of said sum of money thereon was without appellant's consent and without lawful authority. Liability for advances is based on contract, express or implied. Monroe v. Gaylor (Tex. Com. App.) 268 S. W. 724, 726, par. 5. Appellant was not legally liable for the money so expended and the court erred in permitting appellee to re-

cover the same. Jackson v. Jernigan, supra. See, also, in this connection, Crews v. Cortez, 102 Tex. 111, 117, 113 S. W. 523, 38 L. R. A. (N. S.) 713; Fagan v. Vogt, 35 Tex. Civ. App. 528, 80 S. W. 664, 665; Jefcoat v. Gunter, 73 Miss. 539, 19 So. 94, 95; Burwell v. Brodie, 134 N. C. 540, 47 S. E. 47, 48.

[3] Appellant also contends that the court erred in refusing to allow damages for the unwarranted seizure of his crops by said invalid distress warrant. Said crops were seized on the 28th day of September, 1925, and held under said warrant until the trial. The uncontradicted evidence of an apparently disinterested witness shows that there was a material depreciation in the market value of the cotton between the seizure of the same and the date of trial. The quashal of the distress proceedings at the instance of appellant restored to him the possession of his cotton which had been unlawfully seized thereunder, and withheld from him for a period of approximately eight months, during which time it had materially decreased in value. He suffered damage to the amount of such depreciation in value of his interest in the crop and the court erred in denying him any recovery whatever therefor. See, in this connection, Tompkins v. Toland, 46 Tex. 584, 591; Farrar v. Talley, 68 Tex. 349, 352, 4 S. W. 558.

The other propositions submitted by appellant as ground for reversal are all overruled.

The judgment of the trial court is reversed, and the cause remanded.