## NATIONAL FINANCE CO. et al. v. ABERNATHY.

### No. 2486.

Court of Civil Appeals of Texas. Beaumont.
Dec. 28, 1933.

Rehearing Denied Jan. 3, 1934.

Jones & Linscome, of Beaumont, for appellants.

Kitching & Kenna, of Beaumont, for appellee.

**WALKER, Chief Justice.**

On the 25th of April, 1932, appellee, Mrs. Edna Abernathy, and her then husband, F. E. Godkin, executed their promissory note to appellant, National Finance Company, for the sum of $174.70, payable as follows: $20 on the 25th of each of the following months: June, July, August, September, October, November, December, of 1932, and January, 1933, and on February 25, 1933, $14.70, secured by chattel mortgage on their automobile; on the same date they executed their promissory note to L. Toplitz for the sum of $35.30, to be paid as follows: $5.30 February 25, 1933; $20 March 25, 1933; and $20 April 25, 1933, secured by a second chattel mortgage lien on the automobile referred to above. In this transaction appellees received only $161.10 paid them by appellant National Finance Company. The balance of the note for $174.70 was added as interest, and the note for $35.30 was given to L. Toplitz as commission for securing the loan. L. Toplitz was the general manager of appellant, a corporation, transacted all its business for it, and he and his wife owned all the capital stock of appellant corporation except one share. Appellees defaulted in the payment of their notes. Appellants exercised the option given them by the notes by declaring all future payments due, whereupon appellees paid to appellants in cash the sum of $210, the full amount due on both notes, principal and interest. This action was brought by appellee, as a feme sole, against appellants, to recover actual and exemplary damages and double the amount of usury paid in settlement of the notes. On the verdict of the jury appellee was awarded judgment against both appellants for actual and exemplary damages in the sum of $200 and $82.60 as double the amount of usurious interest paid.

Opinion.

Appellants advance a correct proposition of law when they say: "It is well settled as a general rule that breach of a contract does not give rise to a legal situation which permits of a recovery of exemplary or punitive damages."

This proposition is a quotation from 13 Tex. Jur. p. 245, subject, Damages. But appellants' proposition does not have universal application. For it is also the law of this state that exemplary damages may be recovered for breach of contract, brought about in an oppressive and harsh manner, accompanied by malice. The rule was thus stated by Mr. Chief Justice Garrett, speaking for the Galveston Court of Civil Appeals, in Tignor v. Toney, 13 Tex. Civ. App. 518, 35 S. W. 881, 882: "Exemplary damages are not allowed for the breach of an ordinary contract, or for the ordinarily wrongful taking or conversion of property. But the breach of a contract or the taking or conversion of property may be accompanied by such willful acts of violence, malicious or oppressive conduct, as would subject the wrongdoer to exemplary damages." See, also, Ball v. Britton, 58 Tex. 57; Morgan v. Steinberg (Tex. Civ. App.) 23 S.W, (2d) 527; Houston & T. C. Railroad Co. v. Shirley, 54 Tex. 125.

The pleadings of appellee, clearly supported by her evidence, brought her action for exemplary damages within the rule just stated. The pleadings and evidence were to the effect that appellants made the loan of $161.10 to appellee and her husband. As a condition of the loan, they required appellee and her husband to leave the mortgaged automobile in their possession, and they agreed to

take care of the automobile and to allow appellees the privilege of inspecting it and of showing it to prospective customers. When appellees asked to see the automobile and to show it to prospective customers and for permission to let prospective customers examine it and drive it, this permission was refused. Appellants neglected the automobile, permitted the air to escape from the tires, permitted the batteries to run down, used the tools and appliances of the automobile, and were harsh and unreasonable in their dealings with appellees in refusing them the permission contracted for, and by their conduct prevented appellees from making a sale of the automobile as was contemplated when the loan was made. These facts clearly bring appellee's cause of action for exemplary damages within the rule announced by the authorities cited above.

By the third proposition appellants assert that the evidence did not raise the issue of malice. On this issue we add to the above statement that, at the time appellants made the loan to appellees, they were informed that it might be necessary to sell the car to raise the funds to pay the notes. The evidence was sufficient to raise against appellants the issue that they willfully breached their contract with appellants for the purpose of preventing a sale, thereby securing the automobile for the amount of the notes, and the evidence clearly raised the issue that the market value of the automobile at the time appellants took possession was from $375 to $400.

We overrule the contention that the evidence was insufficient to support the jury's verdict that appellee suffered actual damages in the sum of $115. Appellees were forced to sell the car in order to pay appellants' notes and received $260, its reasonable market value at the time of the sale. As stated above, the reasonable market value of the automobile at the time it was delivered to appellants was from $375 to $400. The evidence raised the issue that the depreciation in value resulted from the wrongful acts of appellants.

The issue of usury was established as a matter of law. That the loan was usurious cannot be questioned. The holding of this court in Federal Mortgage Co. v. State Nat. Bank, 254 S. W. 1002, made the "commission" note a part of the usurious contract. There was no issue as to the amount of the usury. Appellees paid appellants $210. They received from them $161.10 in money, and appellants paid for their account $7.50 insurance, making $168.60, leaving an interest charge of $41.40. Under our usury statutes (Rev. St. 1925, art. 5073), appellee was entitled to recover twice that sum; that is, $82.80.

There is no merit in the contention that appellee's counsel, Hon. John Kitching, was counsel for appellants in this transaction, and therefore disqualified to represent appellee. The evidence, without dispute, was to the effect that, though Mr. Kitching had represented appellants in certain specific instances prior to the institution of this suit, he had no general employment by appellants, and in no way represented them in this transaction.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.