J. O. WOODARD et al., Appellants,

v.

Ida Ann TATUM, Appellee.

No. 3272.

Court of Civil Appeals of Texas.

Waco.

April 7, 1955.

Irion, Cain, Bergman & Cocke, Neil Brans, Dallas, for appellants.

Irwin & Irwin, George W. Irwin, R. T. Scales, Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff Ida Ann Tatum sued Defendants for actual and exemplary damages arising out of the alleged conversion of Plaintiff's car by Defendants. Plaintiff alleged as follows: On 26 March 1952 Defendants sold Plaintiff a 1939 Plymouth automobile for $95 down and an installment note for $304, payable $12.50 each 2 weeks. The note retained a lien on the car until payment and provided that in the event of default the *lienholder* could mature the note and pick up the automobile and sell it, crediting the proceeds of the sale upon the note. Defendants, for value received, endorsed this note with recourse to the General Finance Company. Plaintiff became delinquent 2 payments on the car note and on 1 October 1952 Defendants, without authority, maliciously and wrongfully converted the car by removing it from in front of Plaintiff's house, and taking it to Defendants' used car lot. Plaintiff further alleged that on 3 October 1952 she went to the car lot and entered into an oral agreement with Defendants whereby Defendants agreed not to dispose of the car until October 14th, 1952, provided Plaintiff would pay the 2 unpaid installments and a $5.00 repossession fee; that on 14 October 1952 Plaintiff came to Defendants with the money agreed upon but found that Defendants had sold the car on 11 October 1952. Plaintiff alleged conversion of the car by Defendants on 3 October 1952, and in the alternative, conversion by the Defendants on 11 October 1952, and prayed for damages equal to the market value of the car, and exemplary damages.

The Defendants answered by general denial; that they had permission of the General Finance Company, the lienholder, to repossess the car, and there was no consideration for any extension of time to pay the defaulted installments or to hold the automobile until 14 October 1952.

The cause was tried to a jury, which, in answer to Special Issues, found: 1) Defendants converted the car on 3 October 1952. 2) The car had a value on that date of $232.50. 3) Defendants converted the car on 11 October 1952. 4) The car had a value on that date of $232.50. 5) That Plaintiff was entitled to $200 exemplary damages. 6) That at the time of the sale of the car on 11 October 1952 Defendants did not have permission of the lienholder to transact the sale. 7) That on 3 October 1952, when Defendants took possession of the car, they did not have permission of the lienholder.

Upon the foregoing verdict the Trial Court entered judgment for Plaintiff for $432.50, and Defendants appeal.

This appeal presents 4 questions for determination: 1) Does the evidence support the jury's finding that Defendants did not have permission of the lienholder to repossess the car? 2) Was Defendants' agreement to hold the car until 14 October 1952 supported by consideration and enforceable? 3) Is the jury's verdict finding 2 separate conversions contradictory so as not to be able to support a judgment? 4) Is there any evidence of wilfulness or maliciousness on Defendants' part in repossessing the car to support a finding of exemplary damages?

The 1st question is whether there is evidence to support the jury's finding that Defendants did not have permission of the lienholders to repossess the car. On this point there were two witnesses, the Defendant Mr. Woodard, and Mr. Jester, President of the lienholder company. Mr. Woodard testified that he or his father had never worked for the lienholder company; that they were in no way the agent of the lienholder; that their business was not connected in any way with the business of the lienholder; that the lienholder company

did not tell them to pick up the car. Mr. Jester testified that he did not give Defendants specific authority to pick up Plaintiff's car, but that Defendants had *general authority* because they were secondarily liable on the note.

 The law is well settled that in the trial of a case before a jury, the facts proved, the credibility of the witnesses, and the weight to be given their testimony is a field seldom invaded by an appellate court. *If there is any evidence to support the findings and verdict, they are usually regarded as conclusive upon the appellate court,* especially where the verdict has been approved by the Trial Judge. 3–B Tex.Jur. p. 445, par. 938.

In the case at bar the jury had the testimony of both Mr. Woodard and Mr. Jester concerning the business transactions in which they were jointly interested, including the note of Plaintiff. Jester bought notes; Woodard sold them. The jury heard this testimony and observed their demeanor on the stand; observed that Woodard had denied agency in his deposition and heard his testimony at the trial, which was at least inconsistent. From the record in this case we cannot say that there is *no evidence* to support the findings of the jury. We therefore answer the 1st question in the affirmative.

 The 2nd question is whether Defendants' agreement with Plaintiff to hold the car until 14 October 1952, was supported by consideration and enforceable. Plaintiff agreed that if Defendants would hold the car until 14 October 1952, she would pay the two installments in arrears, with an additional sum of $5.00. We believe that this constituted an adequate consideration. Ley v. Patton, Tex.Civ.App., 81 S.W.2d 1087; R–F Finance Corp. v. Jones, Tex. Civ.App., 50 S.W.2d 475. The agreement to hold the car until 14 October 1952 was valid, and when Defendants breached their agreement and sold the car on 11 October 1952 they converted it at that time. From the foregoing it follows that even if Defendants did have permission from the lien-holder to repossess and sell the car (which we have held they did not), that they were nevertheless guilty of a conversion of the car on 11 October 1952. We answer the 2nd question in the affirmative.

 The 3rd question presented is whether the verdict of the jury finding 2 separate conversions on 2 different dates, constitutes contradictory findings which cannot support the judgment in the case. Both the findings that the Defendants converted the car on 3 October 1952, and that they converted the car on 11 October 1952 support the judgment rendered for the Plaintiff. In order for conflicting findings of fact to destroy each other, one of the findings must be such as would warrant a judgment for one of the parties, and the other finding warrant a judgment for the other party. 41–B Tex.Jur. p. 802; Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985. It follows that the jury's findings in the case at bar are not such as to invalidate the judgment.

 The 4th question is whether or not there is any evidence of wilfulness or maliciousness on Defendants' part in repossessing the Plaintiff's car as would support the finding of exemplary damages by the jury. It is the rule that exemplary damages are not allowed for the breach of an ordinary contract, or for ordinary conversion of property. However, the breach of a contract or the taking or conversion of property may be accompanied by such wilful acts of violence, malicious or oppressive conduct as would subject the wrongdoer to exemplary damages. National Finance Co. v. Abernathy, Tex.Civ. App., 66 S.W.2d 358, 359; Puckett v. Patton, Tex.Civ.App., 16 S.W.2d 856. In the case at bar we have found that the Defendants converted the automobile belonging to the Plaintiff. However, we do not find evidence of any acts of violence, maliciousness or oppressive conduct as would subject the Defendants to exemplary damages, and we conclude that the Trial Court erred in granting judgment for $200 exemplary damages.

From the foregoing it follows that the judgment of the Trial Court awarding $200 exemplary damages must be Reversed and Rendered. The award of the $232.50 actual damages must be Affirmed. Costs of appeal are divided equally between the parties. Rule 448 T.R.C.P.

Reversed and Rendered in part, Affirmed in part.